UNITED STATES DISTRICT COURT                               JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Appellants: | Attorneys Present for Appellee: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Appeal of Bankruptcy Court's Jan. 10, 2023 Order Granting Trustee's Motion to Approve Settlement Agreement [DE 26]

## I.   INTRODUCTION

On January 27, 2023, Don Teruo Kojima and Susan Lorraine Kojima (collectively, "Debtors"), as well as Cameron Kojima, and several business entities[1] (the "Adelanto Entities") filed a Notice of Appeal with this Court, seeking review of the Bankruptcy Court's order approving a settlement agreement with creditors Chase Miles Kaufman, Michael Garrison, and Zachary Powers (collectively, "KGP"), and staying State Court litigation between KGP Debtors, Cameron Kojima, and the Adelanto Entities. (ECF No. 1.) On April 25, 2023, the Court dismissed Debtors from the appeal for lack of standing, but allowed Cameron Kojima and the Adelanto Entities' (collectively, "Appellants") appeal to proceed. (ECF No. 25.)

For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's order.

## II.   JURISDICTION

The Court has jurisdiction over this Appeal pursuant to 28 U.S.C. § 158(a).

## III.   FACTUAL BACKGROUND

The following facts are based on the record on appeal:

---

[1] Cameron Ranch Adelanto Partners, LLC, Cameron Ranch Associates, LLC, Apollo Cultivation Management, LLC, Apollo Management, LLC, Dionysus Cultivation Partners I, LLC, Dionysus Cultivation Partners II, LLC, Dionysus Cultivation Partners III, LLC, Mitsui Adelanto Partners, LLC, CK Development Associates, LLC, and Kojima Development Company, LLC.

UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

Debtors are real estate investors and developers. Starting in 2016, Debtors, with the help of various investors, formed the Adelanto Entities to enter California's newly legalized cannabis industry. Through these entities, Debtors purchased roughly 47 acres of land in Adelanto, California (the "Adelanto Property").

### A.    The State Court Action

KGP were among the various investors in the Adelanto Entities. Around 2016, KGP entered into a profit-sharing agreement with the Adelanto Entities, allowing KGP to use the Entities' cannabis licenses in connection with KGP's independent businesses. Around 2019, however, Debtors and Appellants discovered that KGP allegedly made numerous unauthorized transactions for which Debtors and Appellants were owed $360,000. Debtors and Appellants terminated their relationship with KGP shortly thereafter.

On January 21, 2020, KGP filed suit in the San Bernadino County Superior Court (the "State Court Action"). In their operative first amended complaint, KGP sought damages of at least $15 million against Debtors and Appellants for fraud, breach of fiduciary duty, conversion, and other claims arising from their business relationship. The Adelanto Entities filed a cross-complaint, seeking the $360,000 owing from the unauthorized transactions.

### B.    Bankruptcy Proceedings

While the State Court Action was ongoing, on May 26, 2021, Debtors filed a voluntary petition for Chapter 11 bankruptcy. On June 27, 2022, the Bankruptcy Court converted the case to Chapter 7 bankruptcy and appointed Richard A. Marshack ("Trustee-Appellee") to administer Debtors' estate. On November 29, 2022, Trustee-Appellee filed a motion to approve a settlement (the "Settlement") with KGP. The Settlement provided, in pertinent part, that:

- KGP would receive a $6.98 million subordinated claim against Debtors which would not be paid until at least 75% of other creditor's claims are paid out, at which point KGP will receive pro rata distributions alongside other unsecured creditors.
- KGP would dismiss Debtors from the State Court Action and seek to stay the Action against the remaining Appellants.
- Trustee-Appellee would investigate and, if appropriate, file actions to avoid and recover any property transferred from Debtors to Appellants. The proceeds from these transfers would compensate creditors, including KGP.
- The one parcel currently used for cannabis operations will go to the benefit of KGP, not to the benefit of the estate.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

- If Trustee-Appellee declines to file those actions, Trustee-Appellee would transfer interest in recovery to KGP.
- Trustee-Appellee would retain Elkins Kalt at a reduced blended hourly rate of $350.00 to litigate Debtors' discharge.

(Appellants' App. Ex. 26 at 7–11, ECF No. 27-26.)

Debtors and Appellants objected to Trustee-Appellee's motion, arguing that the Settlement: (1) would violate the Controlled Substances Act ("CSA") by requiring Trustee-Appellee to settle a state court action tainted by CSA violations arising from a cannabis business dispute; and (2) was not in the best interest of creditors. On January 10, 2023, the Bankruptcy Court entered an order (the "Order") approving the Settlement. In the Order, the court recognized Debtors and Appellants' concerns but found them unpersuasive. Instead, the court chose to rely on "Trustee's representations, that no cannabis-related assets will come into play" but cautioned that "if despite Trustee's best understanding of the assets involved, cannabis-related assets are discovered, the court would expect Trustee to alert the court immediately and take all necessary actions to prevent administration of such assets." (Appellants' App. Ex. 26 at 13.) Pursuant to the Order, KGP dismissed Debtors and successfully moved to stay the State Court Action.

## IV. STANDARD OF REVIEW

A bankruptcy court's decision to approve a trustee's proposed settlement is reviewed under the abuse of discretion standard. *In re A & C Props.*, 784 F.2d 1377, 1380 (9th Cir. 1986). Determining whether the bankruptcy court abused its discretion requires a two-part analysis. First, the reviewing court must "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (*en banc*). If the bankruptcy court correctly identified the applicable legal rule, the reviewing court then analyzes whether the bankruptcy court's factual findings were clearly erroneous; put another way, whether "the application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotes omitted). The bankruptcy court therefore abuses its discretion if it: (1) uses the incorrect legal rule; or (2) applies the correct legal rule to the facts in a clearly erroneous manner.

## V. DISCUSSION

Appellants seek a reversal of the Bankruptcy Court's Order approving the Settlement with KGP on the grounds that: (1) Trustee-Appellee cannot settle the State Court Action without violating the Controlled Substances Act ("CSA"); and (2) Trustee-Appellee failed to meet his burden of proving that the Settlement is fair and equitable.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

### A.   Appellants' Standing

As a preliminary matter, Trustee-Appellee challenges Appellants' standing, arguing that Appellants may only challenge the Order's stay of the State Court Action rather than the $6.98 million payment to KGP or Trustee-Appellee's right to bring avoidance actions. In so arguing, Trustee-Appellee relies on the Court's suggestion that Appellants were affected only by the stay, not by the other terms of the Settlement.

However, the mere fact that Appellants were affected only by the stay does not mean that they only maintain standing to appeal the stay itself. The stay of the State Court Action was one of many terms that KGP and Trustee-Appellee agreed to. If any of these terms render the Settlement unenforceable as a whole, be it unfair and inequitable or by violating the CSA, the Order approving the Settlement must be reversed in its entirety, including the stay. *See In re Golden Empire Air Rescue, Inc.*, 2007 WL 7540946, at *8 (B.A.P. 9th Cir. Oct. 25, 2007) (reversing settlement approval in its entirety where the bankruptcy court failed to correctly apply the *A & C Properties* factors to a portion of the compromise).

Thus, though the Court found that Appellants only narrowly had standing due to a single provision of the Settlement, the Court finds it appropriate to consider the entire Settlement as Appellants so argue. Therefore, the Court proceeds to consider Appellants' argument under the CSA.

### B.   The Controlled Substances Act

Appellants argue that Trustee-Appellee cannot settle KGP's claims against Debtors in the State Court Action because KGP's claims stem from a dispute in a cannabis enterprise that violates the CSA. Despite the recent trend of cannabis legalization among states, cannabis remains a Schedule I controlled substance under the CSA, 21 U.S.C. §§ 801, *et. seq.* The CSA prohibits, among other things, the distribution, dispensing of, or possession with intent to manufacture, distribute, or dispense, a controlled substance. *Id.* § 841(a). As a result of the conflict between federal and state law when it comes to cannabis, federal bankruptcy courts seeking to dispose of cannabis related assets risk violating the CSA themselves, or at least becoming a conduit to a CSA violation. This is further complicated by cases where a bankruptcy court trustee does not dispose of cannabis assets themselves, but merely settles a state court claim between the estate and creditors which arose in relation to cannabis. Therefore, a bankruptcy filing by a debtor with ties to a cannabis business raises difficult issues regarding how such a debtor may be permitted to seek bankruptcy relief. Bankruptcy courts have appropriate latitude to deal with variations in bankruptcies involving cannabis adjacent assets. *In re Burton*, 610 B.R. 633 (B.A.P. 9th Cir. 2020). However, absent clear guidelines, much uncertainty remains. As one court observed:

UNITED STATES DISTRICT COURT                                        JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

> If the uncertainty of outcomes in marijuana-related bankruptcy cases were an opera, Congress, not the judiciary, would be the fat lady. Whether, and under what circumstances, a federal bankruptcy case may proceed despite connections to the locally "legal" marijuana industry remains on the cutting-edge of federal bankruptcy law. Despite the extensive development of case law, significant gray areas remain. Unfortunately, the courts find themselves in a game of whack-a-mole.

*In re Malul*, 614 B.R. 699, 701 (Bankr. D. Colo. 2020).

The case law continues to evolve, and few bright line rules have emerged from decisions published to date. One principle seems implicit in the case law, however: the mere presence of marijuana near a bankruptcy case does not automatically prohibit a debtor from bankruptcy relief. *See In re Olson*, 2018 WL 989263, at *7 (9th Cir. BAP Feb. 5, 2018) (affirming Chapter 11 plan where the plan derived indirect support from rental income from a lessor engaged in a marijuana growing business).

Appellants argue that settling the underlying State Court Action would amount to a CSA violation by Trustee-Appellee. To support this argument, Appellants rely on *Malul* and *Burton*, which found that a debtor's assertion of cannabis-related state claims presented CSA violations that precluded bankruptcy relief. In *Malul*, the court held that a trustee could not settle a debtor's state claims arising from the debtor's interest in a medical marijuana business. *Malul*, 614 B.R. at 705, 713–14. As the court explained, because the debtor sought payment based on his ownership of a business engaged in ongoing CSA violations, settlement proceeds would be tainted by those CSA violations. *Id.* at 713–14. Thus, for the trustee to receive and ultimately administer those tainted proceeds to creditors would amount to an unacceptable CSA violation. *Id.* Likewise, in *Burton*, the bankruptcy appellate panel affirmed a bankruptcy court's dismissal of debtors' bankruptcy because the debtors had pending state law claims seeking payment based on their part-ownership of a cannabis business. *Burton*, 610 B.R. at 638–41. The panel found that dismissal was warranted because debtors failed to demonstrate that any recovery from their state claims would not be tainted from the business's CSA violations. *Id.* Thus, the panel similarly concluded that debtors' claims, if successful, would lead to the receipt and administration of tainted assets which would constitute a CSA violation. *Id.*

Here, the Bankruptcy Court approved a Settlement of KGP's claims against Debtors. As Appellants point out, KGP's claims arose from cannabis-related business dealings. However, those claims belong to KGP, not Debtors. *Malul* and *Burton* suggest that a bankruptcy court's involvement in a *debtor's* cannabis-related claims is improper because it would lead to the receipt and administration of assets tainted by CSA violations. Appellants do not identify any authority suggesting that settling a third party's claims against Debtors would likewise be improper. Indeed, under the Settlement, Debtors pay KGP, not the other way around. While it can be argued that Debtors may receive assets by way of the right to avoid and recover the fraudulently transferred property, some of which *may* be used for cannabis

|  |  |  |  |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS6 |
| | **CIVIL MINUTES - GENERAL** | | |
| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

storage and operations, the Settlement requires Trustee-Appellee to lawfully dispose of any such materials, have title to such property vest in KGP, or simply decline to pursue the avoidance actions. (Appellants' App. Ex. 26 at 10.) Thus, while the Settlement arguably *could* lead to the receipt and administration of tainted assets, unlike *Malul* and *Burton*, it is not guaranteed.[2]

Given these distinctions, the Bankruptcy Court could have reasonably concluded that the Settlement does not violate the CSA. Further, to the extent that *Malul* and *Burton* could be argued to require a contrary outcome, neither are binding on this Court or the Bankruptcy Court. *In re Silverman*, 616 F.3d 1001, 1005 (9th Cir. 2010) ("we have never held that all bankruptcy courts in the circuit are bound by the BAP."). Neither *Malul* nor *Burton* dictate that all bankruptcy courts make the same rulings. This is particularly true for motions to approve settlement, where bankruptcy courts exercise considerable discretion. *In re A & C Props.*, 784 F.2d at 1380 (explaining that a bankruptcy court's order regarding a trustee's motion to approve a settlement is reviewed for abuse of discretion). Reasonable minds may differ on how close a debtor's actions must come to a CSA violation to preclude bankruptcy relief. Indeed, as *Burton* explained:

> We believe the stated reluctance in this Circuit to adopt per se bright-line rules requiring the immediate disposition of bankruptcy cases in which marijuana activity is present, and the flexible cause standard under §1307(c), coupled with the abuse of discretion standard of review on appeal, give bankruptcy courts appropriate latitude to deal with these variations.

*Burton*, 610 B.R. at 639.

Accordingly, although KGP's claims relate to cannabis, the Court finds that the Bankruptcy Court did not abuse its discretion by approving the Settlement over Appellants' concerns about the CSA.

C. **Fairness and Equity**

Appellants also argue that the Bankruptcy Court abused their discretion by approving the Settlement because it was not fair and equitable, arguing that the Bankruptcy Court did not properly consider KGP's likelihood of success on the merits and that hiring Elkins Kalt to litigate Debtors' discharge would be wasteful. A bankruptcy court should approve a trustee's proposed settlement if it is

---

[2] The Bankruptcy Court recognized the possibility that CSA violations might unfold in the future. (Appellants' App. Ex. 24 at 8, ECF No. 27-24 ("if it looks — starts to smell like weed in here, you're going to have to change courses.").) However, the Bankruptcy Court chose to rely on Trustee-Appellee's representations that the Settlement was structured in such a way to minimize that risk. Bankruptcy Courts routinely rely on the business judgment of trustees in making their rulings. *See, e.g.*, *In re Open Med. Inst., Inc.*, 639 B.R. 169, 174 (9th Cir. B.A.P. 2022) ("the bankruptcy court did not abuse its discretion in relying on [trustee's] business judgment.").

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00167-RGK | Date | July 17, 2023 |
|---|---|---|---|
| Title | *In re Don Teruo Kojima and Susan Lorraine Kojima* | | |

in the best interest of the estate and is "fair and equitable" for creditors. *In re Guy F. Atkinson Co. of Cal.*, 242 B.R 497, 502 (B.A.P. 9th Cir. 1999). In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

> (a) the probability of success of the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Props.*, 784 F.2d at 1381. Moreso, a proposed compromise need not necessarily satisfy each of the four factors bearing on propriety of compromise. As long as the factors as a whole favor approval of settlement, it may be approved. *In re Pac. Gas & Elec. Co.*, 304 B.R. 395 (Bankr. N.D. Cal. 2004).

The Court finds that the Bankruptcy Court properly applied the *A & C Properties* factors in approving the Settlement. The Bankruptcy Court explained that the Settlement "appears to be a valid exercise of the Trustee's business judgement, will ease concerns over the outcome of potentially complex litigation, will allow creditors to know exactly what they are receiving and when, and will bring some clarity to the future of this case." (Appellants' App. Ex. 26 at 13.) Not only was the Settlement a product of months of communication and negotiation, but it is also supported by unsecured creditors holding 57% of the non-KGP claims. (Trustee-Appellee's Reply, 20, ECF No. 28.) The Settlement also accounts for the best interests of all creditors in that KGP's allowed claims of $6.98 million are not to be paid until at least 75% of other creditor's claims are paid out, at which point KGP will receive pro rata distributions alongside other unsecured creditors. Thus, the Bankruptcy Court's application of the *A & C* factors appears supported by the record and not an abuse of discretion. Appellants' specific arguments fail to convince this Court otherwise.

Because the Court finds adequate basis in the record for the Bankruptcy Court to reasonably conclude that the Settlement would not violate the CSA and would be fair and equitable, the Court find no abuse of discretion by the Bankruptcy Court in approving the Settlement. Therefore, the Court **AFFIRMS** the Bankruptcy Court's Order approving the Settlement.

### VI.     CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Order. The Clerk shall close this action.

**IT IS SO ORDERED.**

JRE/snf